

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

March 28, 2016

The Honorable Micheal E. Jimerson
Rusk County & District Attorney
115 North Main, Suite 302
Henderson, Texas 75652

Opinion No. KP-0074

Re: Whether section 202.052 of the Estates Code requires citation by publication in all actions to determine heirship (RQ-0058-KP)

Dear Mr. Jimerson:

You ask in which instances citation by publication is required under section 202.052 of the Estates Code.[1] Chapter 202 of the Estates Code governs the determination of heirship in certain probate proceedings. *See generally* TEX. EST. CODE §§ 202.001–.206. Section 202.002 authorizes a court to conduct a proceeding to determine heirship in specific instances, including, among others, when a person dies intestate owning property in this state. *Id.* § 202.002. Section 202.004 authorizes specific individuals to commence and maintain a proceeding to declare heirship, and the person doing so must file an application with the court that lists, among other information, the "names and physical addresses . . . of the decedent's heirs." *Id.* §§ 202.004, .005(2). Each person who is named as an heir of the decedent in the application, as well as "each unknown heir of the decedent," must be made a party to a proceeding to declare heirship. *Id.* § 202.008(1).

Subchapter B of chapter 202 establishes notice requirements for a proceeding to declare heirship. *Id.* §§ 202.051–.057. Service of citation by mail is generally required for distributees whose names and addresses are known or can be ascertained through the exercise of reasonable diligence. *Id.* § 202.051. In addition, section 202.052 provides for citation of service by publication:

> If the address of a person or entity on whom citation is required to be served cannot be ascertained, citation must be served on the person or entity by publication in the county in which the proceeding to declare heirship is commenced and in the county of the last residence of the decedent who is the subject of the proceeding, if that residence was in a county other than the county in which the proceeding is commenced. To determine whether a decedent has any other heirs, citation must be served on unknown heirs by publication in the manner provided by this section.

---

[1]Letter from Honorable Micheal E. Jimerson, Rusk Cty. & Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 2, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

*Id.* § 202.052. Citation by publication involves publishing "one time in a newspaper of general circulation in the county in which the proceeding is pending." *See id.* § 51.054(a). Your question is whether section 202.052 requires citation by publication in all proceedings to declare heirship or in only those instances when a court has determined, "based on credible evidence, that an unknown heir may exist." Request Letter at 1.

"Our primary objective when construing a statute is to ascertain and give effect to the Legislature's intent." *Tex. Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). "We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results." *Id.* "We do not read words into a statute to make it what we consider to be more reasonable," but will do so only to avoid "an absurd result." *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 52 (Tex. 2014).

The first sentence in section 202.052 addresses instances when an heir or other person or entity on whom citation is required to be served is known but whose address cannot be ascertained. TEX. EST. CODE § 202.052. Thus, it requires citation by publication on those known heirs only when such circumstance exists. By contrast, the second sentence of section 202.052 addresses the possibility of "unknown heirs." *Id.* The word "must" is "generally recognized as mandatory, creating a duty or obligation." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Nothing in the language of section 202.052 or in the context of chapter 202 as a whole suggests that citation by publication on unknown heirs is required only in instances when credible evidence of an unknown heir exists. Thus, a court would likely conclude that the plain language of section 202.052 requires citation by publication in all heirship proceedings to determine whether a decedent has any unknown heirs.

## S U M M A R Y

A court would likely conclude that section 202.052 of the Estates Code requires citation by publication in all heirship proceedings to determine whether a decedent has any unknown heirs.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee